Case 5:04-cr-00025-C   Document 29   Filed 05/30/12   Page 1 of 1   PageID 97

| PROB 22<br>(TXN Rev. 5/05) | | CASE<br>NUMBER(TRANS.COURT)<br>5:04-CR-025-C(01) |
|---|---|---|

### TRANSFER OF JURISDICTION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 MAY 30  AM 11: 03

DISTRICT CLERK  BXR

# SA12CR 530

FILED

MAY 3 0 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| NAME OF PROBATIONER/SUPERVISED RELEASEE<br>BARRY KEITH HOLBERT | DISTRICT<br>Northern District of Texas | DIVISION<br>Lubbock |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>U.S. District Judge Sam R. Cummings | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>July 8, 2011 | TO<br>July 7, 2014 |

OFFENSE
Count 1: Wire Fraud and Aiding and Abetting, 18 USC §§ 1343 & 2; and Count 2: Money Laundering and Aiding and Abetting, 18 USC §§ 1957 & 2

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **NORTHERN** DISTRICT OF **TEXAS, LUBBOCK DIVISION**

IT IS HEREBY ORDERED that pursuant to 18 USC § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the Western District of Texas, San Antonio Division, upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 5-7-12 | |
|---|---|
| Date | U.S. District Judge |

*This sentence may be deleted in the discretion of the transferring court.

### PART 2 - ORDER ACCEPTING JURISDICTION

U.S. DISTRICT COURT FOR THE DISTRICT OF **WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| May 16, 2012 | |
|---|---|
| Effective Date | U.S. District Judge |

CLOSED, ECF

# U.S. District Court
## Northern District of Texas (Lubbock)
## CRIMINAL DOCKET FOR CASE #: 5:04-cr-00025-C All Defendants

Case title: USA v. Holbert

Date Filed: 03/25/2004
Date Terminated: 06/25/2004

Assigned to: Judge Sam R Cummings

**Defendant (1)**

**Barry Keith Holbert**
*TERMINATED: 06/25/2004*

represented by **Nancy B Barohn**
Law Office of Nancy B Barohn
121 W 48th St
Suite 1203
Kansas City, MO 64112
816/753-5891
Email: nbb@airmail.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Rod Hobson**
Law Office of Roderique S Hobson Jr
816 Main
Lubbock, TX 79401
806/762-6030
Fax: 806/763-3220 FAX
Email: rho9948907@aol.com
*TERMINATED: 11/23/2004*
Designation: Retained

**Pending Counts**

WIRE FRAUD
(1)

**Disposition**

Sixty (60) months imprisonment to run
concurrent with term of imprisonment
imposed on Ct 2; Three (3) years
Supervised Release to run concurrent
with the term of S/R imposed on Ct. 2
w/standard and special conditions;
Restitution - ,200,356.65, interest
requirement waived; Mandatory Special
Assessment - .00

Ninety seven (97) months imprisonment
to run concurrent with the term of
imprisonment imposed on Ct. 1; Three

MONEY LAUNDERING
(2)

(3) years Supervised Release to run
concurrent with the term of S/R
imposed on Ct. 1 w/standard and
special conditions; (Restitution same as
imposed on Ct. 1); Mandatory Special
Assessemnt - .00

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**

represented by **Angie L Henson-DOJ**
US Attorney's Office
1100 Commerce St
Suite 300
Dallas, TX 75242-1027
214/659-8600
Fax: 214/659-8807
Email: angie.henson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jeffrey R Haag-DOJ**
US Attorney's Office
1205 Texas Ave
7th Floor
Lubbock, TX 79401
806/472-7351
Fax: 806/472-7394
Email: jeffrey.haag@usdoj.gov
*TERMINATED: 07/12/2005*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 03/25/2004 | 1 | FELONY INFORMATION as to Barry Keith Holbert (1) count(s) 1, 2. (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | | Minute Entry for proceedings held before Judge Sam R Cummings : Initial Appearance as to Barry Keith Holbert held on 3/25/04. (Court Reporter Mechelle Daniel.) (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 2 | WAIVER OF INDICTMENT by Barry Keith Holbert (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 3 | Minute Entry for proceedings held before Judge Sam R Cummings : Arraignment as to Barry Keith Holbert (1) Count 1,2 held on 3/25/04., Plea entered by Barry Keith Holbert (1) Guilty as to Count 1,2. (Court Reporter Mechelle Daniel.) (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 4 | PLEA AGREEMENT as to Barry Keith Holbert (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 5 | Factual Resume as to Barry Keith Holbert (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 6 | Minute Entry for proceedings held before Judge Nancy M Koenig : Bond Hearing as to Barry Keith Holbert held on 3/25/04. Defendant released on conditions after guilty plea in District Court. Tape #1327 (6861-7260) (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 7 | ORDER Setting Conditions of Release as to Barry Keith Holbert (1) PR bond set (Signed by Judge Nancy M Koenig on 3/25/04) (egb, ) (Entered: 03/25/2004) |
| 03/25/2004 | 8 | ORDER that the Presentence Report be disclosed within thirty-five (35) working days of the date of this Order as to Barry Keith Holbert. Restitution, if applicable, shall be provided to USPO by AUSA no later than five (5) days from the date of this Order. (Signed by Judge Sam R Cummings on 3/25/04) (egb, ) (Entered: 03/25/2004) |
| 03/26/2004 | 9 | ORDER amending Order Setting Conditions of Release filed on 3/24/04 as to Barry Keith Holbert : (Signed by Judge Nancy M Koenig on 3/26/04) (klw, ) (Entered: 03/26/2004) |
| 05/21/2004 | 10 | Sentencing Scheduling Order as to Barry Keith Holbert : Objections to Presentence Investigation Report due by noon on 6/4/2004. Presentence Investigation Addendum due by noon on 6/11/2004. Sentencing set for 6/25/2004 08:30 AM before Judge Sam R Cummings. (Signed by Judge Sam R Cummings on 5/21/04) (klw, ) (Entered: 05/21/2004) |
| 06/25/2004 | 11 | Minute Entry for proceedings held before Judge Sam R Cummings : Sentencing held on 6/25/2004 for Barry Keith Holbert (1) as to Count(s) 1 - Sixty (60) months imprisonment to run concurrent with term of imprisonment imposed on Ct 2; Three (3) years Supervised Release to run concurrent with the term of S/R imposed on Ct. 2 w/standard and special conditions; Restitution - $2,200,356.65, interest requirement waived; Mandatory Special Assessment - $100.00; Count(s) 2 - Ninety seven (97) months imprisonment to run concurrent with the term of imprisonment imposed on Ct. 1; Three (3) years Supervised Release to run concurrent with the term of S/R imposed on Ct. 1 w/standard and special conditions; (Restitution same as imposed on Ct. |

| | | |
|---|---|---|
| | | 1); Mandatory Special Assessemnt - $100.00. (Court Reporter Mechelle Daniel.) (klw, ) (Entered: 06/25/2004) |
| 06/25/2004 | 12 | JUDGMENT as to Barry Keith Holbert (1) as to Count(s) 1 - Sixty (60) months imprisonment to run concurrent with term of imprisonment imposed on Ct 2; Three (3) years Supervised Release to run concurrent with the term of S/R imposed on Ct. 2 w/standard and special conditions; Restitution - $2,200,356.65, interest requirement waived; Mandatory Special Assessment - $100.00; and Count(s) 2 - Ninety seven (97) months imprisonment to run concurrent with the term of imprisonment imposed on Ct. 1; Three (3) years Supervised Release to run concurrent with the term of S/R imposed on Ct. 1 w/standard and special conditions; (Restitution same as imposed on Ct. 1); Mandatory Special Assessemnt - $100.00 (TOTAL MANDATORY SPECIAL ASSESSMENT - $200.00) (Signed by Judge Sam R Cummings on 6/25/04) (klw, ) (Entered: 06/25/2004) |
| 07/07/2004 | 13 | NOTICE OF APPEAL by Barry Keith Holbert re 12 Judgment. Filing fee $255, receipt number 43157. (bdg, ) (Entered: 07/07/2004) |
| 07/07/2004 | 14 | NOTICE OF ATTORNEY APPEARANCE AS COUNSEL ON APPEAL by Nancy B Barohn appearing for Barry Keith Holbert (bdg, ) Modified on 7/7/2004 (bdg, ). (Entered: 07/07/2004) |
| 07/07/2004 | 15 | DESIGNATION OF RECORD ON APPEAL by Barry Keith Holbert re 13 Notice of Appeal - Final Judgment. (bdg, ) (Entered: 07/07/2004) |
| 07/07/2004 | | Transmission of Notice of Appeal and Docket Sheet as to Barry Keith Holbert to US Court of Appeals re 13 Notice of Appeal - Final Judgment. (bdg, ) (Entered: 07/07/2004) |
| 08/09/2004 | 16 | TRANSCRIPT REQUEST as to Barry Keith Holbert for proceedings held on 03/25/04 - Guilty Plea and 06/25/04 - Sentencing before Judge Sam R. Cummings, re 13 Notice of Appeal - Final Judgment. (bdg, ) (Entered: 08/09/2004) |
| 08/09/2004 | 17 | TRANSCRIPT filed as to Barry Keith Holbert for Re-Arraignment Hearing held on dates of March 25, 2004 before Judge Sam R. Cummings, re 13 Notice of Appeal - Final Judgment. Court Reporter: Mechelle Daniel. (egb, ) (Entered: 08/09/2004) |
| 08/09/2004 | 18 | TRANSCRIPT filed as to Barry Keith Holbert. Sentencing hearing held for dates of June 25, 2004 before Judge Sam R. Cummings, re 13 Notice of Appeal - Final Judgment. Court Reporter: Mechelle Daniel. (egb, ) (Entered: 08/09/2004) |
| 08/10/2004 | | Certified and Transmitted Record on Appeal as to Barry Keith Holbert to US Court of Appeals re 13 Notice of Appeal - Final Judgment; Consisting of one (1) volume of record, two (2) volumes of transcript and one (1) sealed presentence report. (bdg, ) (Entered: 08/10/2004) |
| 10/25/2004 | 19 | Issued ABSTRACT OF JUDGMENT (5) against Barry Keith Holbert in favor on Kimn Sullivan in the amount of $908.750.00 w/no interest; no costs; no credits reflected & returned to attorney for Kimn Sullivan. (klw, ) (Entered: |

| | | 10/26/2004) |
|---|---|---|
| 11/23/2004 | 20 | ORDER of USCA (certified copy) as to Barry Keith Holbert re 13 Notice of Appeal - Final Judgment; Pursuant to appellant's motion this appeal is dismissed this 18th day of November, 2004, see Fed. R. App. P. 42(b). (bdg, ) (Entered: 11/24/2004) |
| 11/23/2004 | | Appeal Record Returned as to Barry Keith Holbert : 13 Notice of Appeal - Final Judgment; Consisting of two (2) volumes of transcript, one (1) sealed presentence report - returned to USPO. The electronic copy of the record has been recycled. (bdg, ) Modified on 11/26/2004 (egb, ). (Entered: 11/24/2004) |
| 06/24/2005 | 21 | MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:05-CV-143-C) by Barry Keith Holbert (dks, ) (Entered: 06/24/2005) |
| 06/27/2005 | 22 | ORDER TO SHOW CAUSE as to Barry Keith Holbert. Notice, and Instructions to Parties; Respondent is directed to file an answer to Movant?s petition pursuant to Rule 5 of the Rules Governing Section 2255 Cases in the U.S. Dist Ct. w/in sixty (60) days from the receipt of this Order. No extensions. Respondent shall mail a copy of the answer, together with a copy of any supporting brief filed to Movant. Respondent shall file a certificate with the Clerk evidencing such service. All records must be filed with the Clerk w/in sixty (60) days from the date of this Order. Movant's response to Respondent's answer to be filed w/in (20) days from the date shown on Respondent's certificate of service; Clerk shall serve copies of all pleadings, motions, and orders in this case electronically upon the United States Attorney. The Clerk shall mail a copy of this Order to Movant or his attorney of record. (Signed by Judge Sam R Cummings on 6/27/2005) (dks, ) (Entered: 06/28/2005) |
| 07/12/2005 | 23 | NOTICE OF SUBSTITUION OF COUNSEL by Angie L Henson for USA in case as to Barry Keith Holbert. (bdg, ) (Entered: 07/12/2005) |
| 08/26/2005 | 24 | RESPONSE in Opposition by USA as to Barry Keith Holbert re 21 MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 5:05-CV-143-C) (egb, ) (Entered: 08/26/2005) |
| 01/03/2006 | 25 | ORDER DESIGNATING CASE FOR ECF - see order for specifics. (Signed by Judge Sam R Cummings on 1/3/06) (clf, ) (Entered: 01/03/2006) |
| 03/29/2006 | 26 | ORDER as to Barry Keith Holbert: The Court has reviewed Movant's 2255 motion, together with the Government's response and relevant records. Based upon a review of the relevant court records and the facts and law set forth in the Government's response, Movant's 2255 motion is denied. (Signed by Judge Sam R Cummings on 03/29/06) (bdg, ) (Entered: 03/29/2006) |
| 03/29/2006 | 27 | JUDGMENT as to Barry Keith Holbert: For the reasons stated in the Court's Order of even date, It is ORDERED, ADJUDGED AND DECREED that Petitioner's Motion pursuant to 28 U.S.C. 2255 is DENIED and the cause is DISMISSED with prejudice. (Signed by Judge Sam R Cummings on 03/29/06) (bdg, ) (Entered: 03/29/2006) |
| 05/07/2012 | 28 | REPORT ON OFFENDER UNDER SUPERVISION AND ORDER as to Barry Keith Holbert: The probation officer recommends that jurisdiction be |

| | | |
|---|---|---|
| | | transferred to the Western District of Texas, San Antonio Division. The Court Agrees with the recommendation of the probation officer. (Ordered by Judge Sam R Cummings on 5/7/2012) (bdg) (Entered: 05/07/2012) |
| 05/30/2012 | 29 | ORDER TRANSFERRING PROBATION JURISDICTION as to Barry Keith Holbert pursuant to 18 USC 3605 with the records of this court to the US District Court for Texas/Western, San Antonio Division from USDC, Texas/Northern, Lubbock Division upon order accepting jurisdiction. (Ordered by Judge Sam R Cummings on 5/7/2012) (klw) (Entered: 05/30/2012) |
| 05/30/2012 | | Notice to U.S. District Court, Western District of Texas, San Antonio Division of a Transfer of Jurisdiction as to Barry Keith Holbert. If you require a copy of the financial ledger, please email your request to Fin_Misc@txnd.uscourts.gov. Using your PACER account, you may retrieve the docket sheet and any text-only entry via the case number link. The following document link(s) is also provided: 29 Order Transferring Probation Jurisdiction, 28 Order, 1 Information - Felony, 12 Judgment,,,. (If you require certified copies of any documents, please send a request to Assist_Team@txnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (klw) (Entered: 05/30/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/30/2012 13:42:18 | | |
| **PACER Login:** | us4502 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:04-cr-00025-C |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

245 S (Rev. 1/93) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**Northern District of Texas**

Lubbock Division

```
NORTHERN DISTRICT OF TEXAS
        FILED

      JUN 2 5 2004

CLERK, U.S. DISTRICT COURT
By _____
            Deputy
```

UNITED STATES OF AMERICA

v.                                                    Case Number    5:04-CR-0025-01-C

BARRY KEITH HOLBERT
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, BARRY KEITH HOLBERT, was represented by Roderique S. Hobson, Jr.

The defendant pleaded guilty to counts 1 and 2 of the information filed on 03/25/2004.  Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Numbers |
|---|---|---|---|
| 18 USC § 1343 and 18 USC § 2 | Wire Fraud and Aiding and Abetting | 12/21/2000 | 1 |
| 18 USC § 1957 and 18 USC § 2 | Money Laundering and Aiding and Abetting | 12/21/2000 | 2 |

As pronounced on 06/25/2004, the defendant is sentenced as provided in pages 1 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for counts 1 and 2, which shall be due immediately.  Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the   25th   day of June, 2004.

DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

AO 245 S (Rev. 01/01) Sheet 2 - Imprisonment

Defendant: BARRY KEITH HOLBERT                                    Judgment--Page 2 of 5
Case Number: 5:04-CR-0025-01-C

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months as to Count 1 and 97 months as to Count 2, with the terms of imprisonment to run concurrently with one another.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/01) Sheet 3 - Supervised Release

Defendant: BARRY KEITH HOLBERT                                     Judgment--Page 3 of 5
Case Number: 5:04-CR-0025-01-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Count 1 and 3 years as to Count 2, with the terms of supervised release to run concurrently with one another.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: BARRY KEITH HOLBERT                                      Judgment--Page 4 of 5
Case Number: 5:04-CR-0025-01-C

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1.  Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $2,200,356.65, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401 for disbursement to:

City Bank
Attn: Charles R. Battin, Senior Vice President
P.O. Box 5060
Lubbock, TX 79408-5060
Loan Nos. 3012735, 3072536, and 3072416
$383,456.65

Richard Cook
No Account Number
$25,000.00

Judith and Brian Dahlberg
No Account Number
$15,000.00

Timothy J. Egan
Fleet Bank Account No. 56-00437-31882
$0.00 (Painting to be Returned)

Cheryl and Ruben Garcia
No Account Number
$250,000.00

Jack Howell
No Account Number
$25,000.00

Steve Kaufman
No Account Number
$200,900.00

Tim and Melissa Pridmore
No Account Number
$133,750.00

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: BARRY KEITH HOLBERT                                      Judgment--Page 4a of 5
Case Number: 5:04-CR-0025-01-C

John Provo
No Account Number
$105,000.00

Don Strange
No Account Number
$50,000.00

Matthew Strange
No Account Number
$95,000.00

Kimn Sullivan
No Account Number
$908,750.00

Cleo Evelyn Thiel
No Account Number
$8,500.00

Douglas Whisenand
No Account Number
$0.00 (Painting to be Returned)

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the
defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the
rate of at least $250.00 per month until the restitution is paid in full. Further, it is ordered that interest on
the unpaid balance is waived pursuant to 18 USC § 3612(f)(3). The total restitution shall be offset by any
proceeds generated from the sale of any merchandise associated with the defendant's illegal activities, once
the proceeds are provided to the victims.

2.   The defendant shall refrain from incurring new credit charges or opening additional lines of credit without
     approval of the U.S. Probation Officer.

3.   The defendant shall provide to the U.S. Probation officer any requested financial information.

4.   The defendant shall provide to the U.S. Probation Officer complete access to all business and personal
     financial information.

5.   The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more
     without the approval of the U.S. Probation Officer.

6.   The defendant shall maintain not more than one business and/or one personal checking account, and shall
     not open, maintain, be a signatory on, or otherwise use any other financial institution account without the
     prior approval of the U.S. Probation Officer.

Case 5:04-cr-00025-C   Document 12   Filed 06/25/04   Page 6 of 8   PageID 47

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: BARRY KEITH HOLBERT                                    Judgment--Page 4b of 5
Case Number: 5:04-CR-0025-01-C

7.  The defendant shall forfeit all property interest he acquired in (1) a reproduction of the painting entitled
    *Madonna of the Apple*, (2) a reproduction of the painting entitled *Attribute of the Tiepelo*, (3) a painting
    which the defendant purported to be the work of Vincent Van Gogh from the Saint-Remy France period,
    circa 1889-1890, which is currently in the custody of City Bank, Lubbock, Texas, and (4) any other
    property used as collateral to secure any loans made from City Bank, Lubbock, Texas, to the defendant or
    A Part of History Antiques, Inc.

8.  The defendant shall not participate in the sale or distribution of any antiques or art work.

AO 245 S (Rev. 01/01) Sheet 6 - Restitution

Defendant: BARRY KEITH HOLBERT                                    Judgment--Page 5 of 5
Case Number: 5:04-CR-0025-01-C

## RESTITUTION

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $2,200,356.65, payable to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock, TX 79401 for disbursement to:

**Name of Payee** . . . . . . . . . . . . . . . . . . . . . . . . . . **$2,200,356.65**

City Bank
Attn: Charles R. Battin, Senior Vice President
P.O. Box 5060
Lubbock, TX 79408-5060
Loan Nos. 3012735, 3072536, and 3072416
$383,456.65

Richard Cook
No Account Number
$25,000.00

Judith and Brian Dahlberg
No Account Number
$15,000.00

Timothy J. Egan
Fleet Bank Account No. 56-00437-31882
$0.00 (Painting to be returned)

Cheryl and Ruben Garcia
No Account Number
$250,000.00

Jack Howell
No Account Number
$25,000.00

Steve Kaufman
No Account Number
$200,900.00

Tim and Melissa Pridmore
No Account Number
$133,750.00

AO 245 S (Rev. 01/01) Sheet 6 - Restitution

Defendant: BARRY KEITH HOLBERT                                    Judgment--Page 5a of 5
Case Number: 5:04-CR-0025-01-C

       John Provo
       No Account Number
       $105,000.00

       Don Strange
       No Account Number
       $50,000.00

       Matthew Strange
       No Account Number
       $95,000.00

       Kimn Sullivan
       No Account Number
       $908,750.00

       Cleo Evelyn Thiel
       No Account Number
       $8,500.00

       Douglas Whisenand
       No Account Number
       $0.00 (Painting to be returned)

     If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $250.00 per month until the restitution is paid in full. The total restitution shall be offset by any proceeds generated from the sale of any merchandise associated with the defendant's illegal activities, once the proceeds are provided to the victims.

     The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 5 2004

CLERK, U.S. DISTRICT COURT
By _____
            **Deputy**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:04-CR-025-C |
| | § | |
| BARRY KEITH HOLBERT | § | |

## INFORMATION

The United States Attorney Charges:

### Purpose of the Scheme and Artifice

1.      Beginning in or about 1999, and continuing thereafter until in or about July 2003, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Barry Keith Holbert**, defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

2.      **Holbert** used materially false and fraudulent representations and documents to convince potential investors that he owned a painting by Vincent Van Gogh from the Saint-Remy France period circa 1889-1890 and that this painting was valued at anywhere from $25,000,000.00 to $50,000,000.00.

3.      **Holbert** would then solicit investments in this painting from various individuals and use these investments for his own personal gain. The purpose of **Holbert's** scheme and artifice was to deprive others of their money and property.

**Barry Keith Holbert Information - Page 1**

## The Scheme and Artifice

4.    **Holbert** is the owner of A Part of History Antiques, Inc., and specializes in antiques, fine furnishings, and artwork.  In 1999, **Holbert** purchased a painting (hereinafter the "Sham Van Gogh") from Nykes Baure for approximately $10,000.00. **Holbert** later created a counterfeit bill of sale for the Sham Van Gogh showing that he had purchased it from Jerry Fordham.

5.    In furtherance of his scheme and artifice to defraud, **Holbert** would falsely and fraudulently represent to various potential investors that he had purchased the Sham Van Gogh for a price ranging from $1,500,000.00 to $2,500,000.00.

6.    In furtherance of his scheme and artifice to defraud, **Holbert** created a materially false and fraudulent provenance for the Sham Van Gogh that determined the painting was an original by Vincent Van Gogh and priced the painting at $25,000,000.00. **Holbert** knew that this provenance was materially false because he knew the painting was not painted by Van Gogh and was recklessly indifferent as to whether it was painted by Van Gogh.  **Holbert** also knew that this provenance was false because it concealed the material fact that the Sham Van Gogh had not been authoritatively determined to be a true Van Gogh painting and he made the provenance with the intent to defraud.

7.    In furtherance of his scheme and artifice to defraud, **Holbert** also had an appraisal report done on the Sham Van Gogh that he knew to be materially false and fraudulent because it was based upon the provenance.  This appraisal report valued the

**Barry Keith Holbert Information – Page 2**

Sham Van Gogh at $25,000,000.00.  **Holbert** later fraudulently altered this appraisal report to show a valuation of $35,000,000.00.

8.      In furtherance of his scheme and artifice to defraud, **Holbert**, with the intent to defraud, would use one or more of the following materially false and fraudulent representations and documents to solicit potential investors to invest in the Sham Van Gogh: (1) statements that he had purchased the Sham Van Gogh for a price ranging from $1,500,000.00 to $2,500,000.00; (2) the Sham Van Gogh provenance; and (3) the Sham Van Gogh appraisal report.  Each of these misrepresentations and documents had a natural tendency to influence and was capable of influencing a potential investor in their decision whether to invest in the Sham Van Gogh.

9.      In furtherance of his scheme and artifice to defraud, and for the purpose of carrying out the scheme and artifice, **Holbert** used interstate wire communication facilities, the United States Postal Service, and various private and commercial interstate carriers to: (1) solicit investments in the Sham Van Gogh; (2) receive money and funds from various investors for an interest in the Sham Van Gogh; and (3) provide investors with documents showing their ownership interest in the Sham Van Gogh.

10.      In furtherance of his scheme and artifice to defraud, **Holbert** obtained approximately $605,000.00 in 1999 from various investors for ownership interests in the Sham Van Gogh.  In soliciting each of these investments, **Holbert** used one or more of the materially false and fraudulent representations and documents referenced in paragraph

**Barry Keith Holbert Information - Page 3**

8 of this Information.

11.     In furtherance of his scheme and artifice to defraud, **Holbert** obtained approximately $150,000.00 in 2000 from an investor for an ownership interest in the Sham Van Gogh.  In soliciting this investment, **Holbert** used one or more of the materially false and fraudulent representations and documents referenced in paragraph 8 of this Information.

12.     In furtherance of his scheme and artifice to defraud, **Holbert** obtained approximately $175,000.00 in 2001 from various investors for ownership interests in the Sham Van Gogh.  In soliciting each of these investments, **Holbert** used one or more of the materially false and fraudulent representations and documents referenced in paragraph 8 of this Information.

13.     In late 2001 or early 2002, one of its investors arranged to have the Sham Van Gogh evaluated by the Van Gogh Museum in Amsterdam.  In a letter dated April 3, 2002, Louis van Tilborgh, Curator of Paintings for the Van Gogh Museum, opined that the Sham Van Gogh "is not to be attributed to the artist Vincent Van Gogh." **Holbert** learned of this letter in April 2002.  Despite this confirmation of what **Holbert** knew all along, he continued to represent the Sham Van Gogh as a true Van Gogh painting worth approximately $25,000,000.00.

14.     On June 4, 2003, Holbert obtained loan number 3072536 for $310,000.00 from City Bank, a financial institution the deposits of which are insured by the Federal

Case 5:04-cr-00025-C   Document 1   Filed 03/25/04   Page 5 of 8   PageID 5

Deposit Insurance Corporation. This loan was secured, in part, by the Sham Van Gogh as evidenced by the commercial security agreement dated June 4, 2003. In obtaining this loan, Holbert used the materially false and fraudulent appraisal referenced in paragraph 8 of this Information. Additionally, in his financial statement dated September 1, 2002, Holbert falsely and fraudulently represented that he owned $12,000,000.00 in fine art, a large portion of which was his interest in the Sham Van Gogh. Holbert's scheme and artifice to defraud affected a financial institution because City Bank was one of the victims of his scheme and artifice.

15.     In furtherance of his scheme and artifice to defraud, **Holbert** would often tell the various investors in the Sham Van Gogh that he had found a buyer for the Sham Van Gogh and that the buyer was willing to pay a price at or above the appraisal value. However, in truth and in fact, as **Holbert** then and there well knew, there were no such potential buyers. **Holbert** used these misrepresentations to placate the various investors when they asked for information on when the Sham Van Gogh was to be sold.

Count One
Wire Fraud
(Violation of 18 U.S.C. §§ 1343 and 2)

1.      The United States Attorney adopts and realleges the allegations of: (1) The Purpose of the Scheme and Artifice; and (2) The Scheme and Artifice to the Information as though fully set forth herein.

2.      On or about December 21, 2000, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Barry Keith Holbert**, defendant herein, aided and abetted by others both known and unknown, having knowingly devised and intending to devise a scheme and artifice to defraud and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud cause to be transmitted by wire communication in interstate commerce a writing, sign, and signal consisting of a money transfer of $150,000.00 originating from Kimn Sullivan in Wyckoff, New Jersey, and through a bank account at Citibank in New Castle, Delaware, to a checking account in **Holbert's** name at First Bank & Trust in Lubbock, Texas.

In violation of Title 18, United States Code, Sections 1343 and 2.

**Barry Keith Holbert Information - Page 6**



<u>Count Two</u>
Money Laundering
(Violation of 18 U.S.C. §§ 1957 and 2)

1.      The United States Attorney adopts and realleges the allegations of: (1) The

Purpose of the Scheme and Artifice; and (2) The Scheme and Artifice to the Information

as though fully set forth herein.

2.      On or about December 21, 2000, in the Lubbock Division of the Northern

District of Texas, and elsewhere, **Barry Keith Holbert**, defendant herein, aided and

abetted by others both known and unknown, did knowingly engage and attempt to engage

in a monetary transaction by, through, and to a financial institution, such transaction

affecting interstate and foreign commerce, and such transaction involving the use of a

financial institution which is engaged in, and the activities of which affect interstate and

foreign commerce, in criminally derived property, defendant knowing said transaction

involved criminally derived property, of a value greater than $10,000.00, that is, the

withdrawal of funds in the amount of $17,350.00 from a checking account in **Holbert's**

name at First Bank & Trust in Lubbock, Texas, such property having been derived from a

specified unlawful activity, that is, Wire Fraud, as alleged in count one of this

Information.

In violation of Title 18, United States Code, Sections 1957 and 2.

**Barry Keith Holbert Information – Page 7**

JANE J. BOYLE
UNITED STATES ATTORNEY


JEFFREY R. HAAG
Assistant United States Attorney
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas  79401
Telephone:   806.472.7559
Facsimile:   806.472.7394

**Barry Keith Holbert Information – Page 8**